# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CAROLYN GILL, individually and
on behalf of others similarly situated,

    Plaintiff,

v.

AMAG PHARMACEUTICALS, INC.,

    Defendant.

Case No. 19-2681-DDC-KGG

## MEMORANDUM AND ORDER

Plaintiff Carolyn Gill, individually and on behalf of all others similarly situated, filed a Class Action Complaint against defendant AMAG Pharmaceuticals, Inc. on November 4, 2019. Doc. 1. On February 13, 2020, plaintiff and defendant submitted a Joint Motion to Transfer Venue (Doc. 12), requesting the case be transferred to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a). Doc. 12 at 1. For reasons explained below, the court grants the Joint Motion to Transfer Venue, and the court transfers this case to the United States District Court for the District of New Jersey.

### I.    Factual Background

Plaintiff asserts that she was prescribed, purchased, and was injected with the drug Makena, which defendant manufactures. Doc. 1 at 1. Plaintiff alleges that defendant misrepresented the effectiveness of Makena at preventing preterm births, bringing claims under the Kansas Consumer Protection Act ("KCPA") and for unjust enrichment. *Id.* at 17–18.

This action is one of five class actions filed against defendant in various federal courts, all arising from the marketing and sale of the prescription drug Makena. Doc. 12 at 1. Plaintiff's

counsel has filed the four other class action lawsuits in other federal courts asserting violations under other states' unfair trade practices statutes and for unjust enrichment, all of which are based on similar factual allegations to those made by the claims asserted here. *Id.* at 2 (citing the four similar cases: *Faughnan, et al. v. AMAG Pharm., Inc.*, No. 19-cv-1394 (N.D.N.Y.); *Barnes v. AMAG Pharm., Inc.*, No. 19-cv-05088 (W.D. Mo.); *Nelson v. AMAG Pharm., Inc.*, No. 20-cv-00089 (E.D. Cal.); *Zamfirova v. AMAG Pharm., Inc.*, No. 20-cv-00152 (D.N.J.)).

On February 10, 2020, all parties agreed to seek transfer of each action to the United States District Court for the District of New Jersey and consolidate the actions there for pre-trial purposes under Rule 42(a) of the Federal Rules of Civil Procedure. *Id.* at 2–3. Plaintiff and defendant assert that the requested transfer "will promote judicial efficiency and greatly reduce the burden of discovery and the risk of inconsistent adjudications." *Id.* at 1–2.

**II.     Legal Standard**

Section 1404(a) of Title 28 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." District courts have broad discretion under § 1404(a) to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). The statute's purpose is to "prevent the waste of time, energy and money" and "'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *VanDusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)). The factors a district court should consider when deciding whether to transfer an action under 28 U.S.C. § 1404(a) include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; . . . and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516).

### III. Analysis

Here, both parties consent to transferring the action to the District of New Jersey. The parties' joint motion asserts that a transfer to New Jersey will be most efficient and convenient for the parties, that litigation in New Jersey will not inconvenience witnesses, that plaintiff's choice of forum and the relative costs of litigating are not at issue, and that the remaining factors do not weigh against transfer. Doc. 12 at 5–7. The court agrees.

Transfer of venue will promote judicial efficiency. The parties seek to consolidate the five pending class actions against defendant in one venue for pre-trial purposes. Doc. 12 at 5. This will reduce litigation costs, eliminate the risk of inconsistent rulings, and eliminate unnecessary duplication of efforts. If the case proceeds to trial, the parties plan to seek transfer back to the District of Kansas, avoiding any inconvenience to witnesses who reside in Kansas. They explain that many of defendant's employees who are likely to be deposed during discovery reside in Massachusetts and, if any potential deponents reside in Kansas—like plaintiff—defendant will take those depositions in Kansas. *Id.* at 6. In short, transfer of venue is appropriate under 28 U.S.C. § 1404(a) and will allow a more convenient and efficient resolution of the merits. The court thus grants the parties' Joint Motion to Transfer Venue. The court directs the Clerk of the Court to transfer this case to the United States District Court for the District of New Jersey.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Motion to Transfer Venue (Doc. 12) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT**, under 28 U.S.C. § 1404, the Clerk of the Court is directed to take all necessary steps to effectuate this transfer.

**IT IS SO ORDERED.**

**Dated this 23rd day of March, 2020, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**